The olographic will of Miss Gabrielle Marie Forestier, who died in the City of New Orleans on April 23, 1939, which was written in the French language, contained a provision, the English translation of which is as follows: "I leave the balance of my estate to be divided equally between: Dr. Pierre Hoa LeBlanc and Emilie and Marie Hoa LeBlanc in acknowledgment of services rendered".
Miss Forestier's will was duly probated in these proceedings and her succession administered by Emilie de Hoa LeBlanc, her executrix. Dr. Pierre Hoa LeBlanc died on January 4, 1938, more than one year prior to Miss Forestier. His succession was opened in the Civil District Court for the Parish of Orleans and his children, Mrs. Delphine LeBlanc, wife of William Tobin, Marion LeBlanc, Peter LeBlanc, Edward LeBlanc and Miss Fabiola LeBlanc, were recognized as his sole heirs at law. The executrix of Miss Forestier's succession was discharged by judgment signed on September 1, 1939, and in this same judgment Amelia P. Jorda Delery, Fernande Jorda, Felicie Jorda Courrege, Corinne Jorda Derbes and Mathilde Jorda, collateral relations and heirs at law of Miss Forestier, were sent into possession of the one-third share of the residuum which had been bequeathed by Miss Forestier to Dr. LeBlanc.
On January 15, 1940, the children and heirs of Dr. LeBlanc filed a petition in the succession proceedings of Miss Forestier asking that the judgment putting the legal heirs of Miss Forestier in possession of Dr. LeBlanc's share of the legacy, be set aside upon the ground that since it was given to Dr. LeBlanc "in acknowledgment of services rendered", it was a remunerative donation and, therefore, heritable. In the alternative, it was asked that Dr. LeBlanc's heirs be recognized as creditors of the succession of Miss Forestier in the sum of $656.94, which proved to be the value of the legacy of Dr. LeBlanc.
The collateral heirs of Miss Forestier, answering plaintiffs' petition, denied the allegations thereof entirely, and, on the trial of the case, interposed an exception of no cause of action, which was overruled. After hearing of the testimony, the exception was renewed.
There was judgment below recognizing the heirs of Dr. LeBlanc as entitled to the legacy and setting aside the judgment placing the legal heirs of Miss Forestier in possession and they have appealed.
The principal question involved, one of law, is whether the legacy of Dr. LeBlanc was heritable. The subordinate and alternative question, one of fact, is the sufficiency of proof of the alleged indebtedness of Miss Forestier's succession to Dr. LeBlanc Article 1697 of the Revised Civil Code reads as follows: "The testamentary disposition becomes without effect, if the person instituted or the legatee does not survive the testator".
The exception to this general rule is found in the following articles of the Civil Code:
"2005. — A merely personal obligation to do, imposed by testament as the condition on which a legacy is to take effect, is void, if the legatee die before performance, or before he has been put in default; but the legacy will take effect.
"2006. — But if what is to be done, be a thing that can as well be done by the heirs of the legatee as by him, the obligation shall be heritable, and they must perform it before the legacy can take effect. The provisions of this and the preceding article relate only to testamentary dispositions."
Article 1707 of the Code provides:
"Accretion shall take place for the benefit of the legatees, in case of the legacy being made to several conjointly.
"The legacy shall be reputed to be made conjointly when it is made by one and the same disposition without the testator's having assigned the part of such colegatee in the thing bequeathed."
It is contended that this is a conjoint legacy and if it were not remunerative, the other conjoint legatees, Miss Emilie and Marie Hoa LeBlanc, and not the collateral heirs of Miss Forestier, would be entitled to Dr. LeBlanc's share by accretion, but it is insisted that the legacy of Dr. LeBlanc is remunerative and that since it is remunerative, it is heritable. Misses Emilie and Marie Hoa LeBlanc, the other residuary legatees, have joined with the heirs of Dr. LeBlanc and ask the court to award to them the LeBlanc legacy.
It must first be determined whether the heirs of Dr. LeBlanc have any interest or *Page 255 
standing to contest the judgment recognizing the collateral heirs of Miss Forestier as being entitled to Dr. LeBlanc's legacy. It is pointed out that a remunerative legacy, though considered in the Code only under the title "Donations Inter Vivos" may, nevertheless, be made by testament, or mortis causa. Succession of Henry, 158 La. 516, 104 So. 310. Article 1526 of the Civil Code to the effect that the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations provided the value of the gift does not exceed by one-half that of the value of the services, is relied upon by counsel for the LeBlanc heirs. The Succession of Henry, supra, does not hold and no other case that we are aware of has ever held, that a remunerative donation is heritable.
However, it is argued, that since Articles 2005 and 2006 announce the heritability of onerous donations the remunerative donation should also be heritable because of its resemblance to the onerous donation. The conclusion from this argument is drawn that an onerous legacy is heritable and does not lapse upon the death of a legatee. To quote from counsel's brief, "hence, it is submitted that on the basis of Articles 1526, 2005 and 2006, the remunerative donation, as well as the onerous donation, should be heritable". Perhaps, it should be, but it is not and we cannot change its status. The legislature may some day do something about it, but until then it must remain as it is.
Our conclusion, therefore, is that the LeBlanc legacy is not heritable and that his heirs are without standing in court and without interest to contest the judgment placing the collateral heirs of Miss Forestier in possession.
The alternative plea to the effect that Dr. LeBlanc's services should be treated as a debt of the succession will now be considered. The professional services of Dr. LeBlanc are said to have extended over a period "beginning in 1894 and ending shortly before Dr. LeBlanc's death in 1938", about forty-four years. This claim is supported by the vaguest kind of evidence. Several of the plaintiffs, the children of Dr. LeBlanc, testified that they would occasionally go with their father when he made a professional call upon Miss Forestier, but none of Dr. LeBlanc's books or office records were produced and no effort has been made to show the number of professional visits which he paid to Miss Forestier.
Miss Emilie de Hoa LeBlanc, Dr. LeBlanc's sister, and one of the residuary legatees, testified that Miss Forestier was "her mother's first cousin and one of the most intimate people with us".
We are convinced that the doctor made a number of calls on his cousin, but whether they were professional or social calls is not clear. It cannot be said that the evidence establishes with anything like legal precision any indebtedness on the part of the succession to Dr. LeBlanc for professional services, but, says counsel, Miss Forestier acknowledged the services when she incorporated the remunerative legacy in her will and since the value of that legacy, if it had been effective, amounted to $656.94, that is the sum that should be awarded the heirs of Dr. LeBlanc as creditors of Miss Forestier's succession. In the first place, the provision in Miss Forestier's will is an acknowledgment of services rendered by Dr. LeBlanc, Emilie and Marie Hoa LeBlanc. There is no statement to the effect that the services were professional and when we consider the testimony of Emilie de Hoa LeBlanc to the effect that "what services we rendered were such that otherwise, she would die of hunger", it might well be that Miss Forestier was referring to services other than professional. Miss LeBlanc also testified that the doctor treated Miss Forestier professionally for many years, but the point we make here is that there is no definite acknowledgment in Miss Forestier's will that any professional services were rendered.
Our conclusion is that the judgment appealed from must be reversed, consequently, and for the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and the suit of plaintiffs, Mrs. Delphine LeBlanc, wife of William Tobin, Marion LeBlanc, Peter LeBlanc, Edward LeBlanc and Miss Fabiola LeBlanc, be dismissed and the judgment of the Civil District Court for the Parish of Orleans of September 1, 1939, placing Amelia P. Jorda Delery, Fernande Jorda, Felicie Jorda Courrege, Corinne Jorda Derbes and Mathilde Derbes, in possession of the one-third share of the residuum of the Succession of Miss Forestier, be reinstated.
Reversed. *Page 256